IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FRANCISCA M. LONG,

              Plaintiff,

v.

ALPHA MEDIA, LLC,

              Defendant.

Case No. 24-2400-DDC

**MEMORANDUM AND ORDER**

Plaintiff Francisca M. Long has sued defendant Alpha Media, LLC, alleging unlawful employment discrimination. Defendant filed a Motion to Dismiss (Doc. 10), asking the court to dismiss plaintiff's common-law, wrongful-termination claim and her request for punitive damages and attorney fees under the Kansas Act Against Discrimination. Plaintiff responded, conceding that the court should dismiss her wrongful termination claim and strike her request for punitive damages and attorney fees under the KAAD. Doc. 15 at 1.

After this briefing, the court entered a Pretrial Order (Doc. 36). The Pretrial Order omits plaintiff's common-law, wrongful-termination claim. *See* Doc. 36 at 13–15 (Pretrial Order ¶ 4(a)) (Plaintiff's Claims). It likewise omits plaintiff's request for attorney fees and punitive damages under the KAAD. *See id.* at 21–24 (Pretrial Order ¶ 5) (Damages and Non-Monetary Relief Requested). The Pretrial Order superseded the Complaint. *See Burke v. Regalado*, 935 F.3d 960, 1005 (10th Cir. 2019) ("[The pretrial order] supersedes the pleadings and controls the

subsequent course of litigation." (quotation cleaned up)).  Defendant's motion is thus moot.  And the court denies it on that basis.[1]

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant Alpha Media, LLC's Motion to Dismiss (Doc. 10) is denied as moot.

**IT IS SO ORDERED.**

**Dated this 11th day of September 2025, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**

---

[1] Defendant's motion also asks for "its costs and fees incurred in defending against these claims[.]" Doc. 11 at 7.  The court denies this passing request.  Ordinarily, costs are available only after a court has entered final judgment.  *See Woodmen Accident & Life Ins. Co. v. Bryant*, 784 F.2d 1052, 1057 (10th Cir. 1986) ("[T]he time for taxing costs begin to run only from the entry of what would ordinarily be a final judgment as to all parties and all issues."); *see also Milligan v. Reed*, No. 06-00911-BNB, 2007 WL 1725240, at *1 (D. Colo. June 14, 2007) (explaining that Rule 54 allows recovery of costs "after entry of final judgment").  The court hasn't entered judgment in this case, so defendant's request for costs is premature.  For attorney fees, Rule 54 requires the moving party to "specify the judgment and the statute, rule or other grounds entitling the movant to the award[.]"  Fed. R. Civ. P. 54(d)(2)(B)(ii).  Defendant hasn't done so here.  The court thus denies defendant's request for costs and fees.